OPINION
Defendant-appellant, John L. Collins, appeals from the judgment of the Union County Court of Common Pleas adjudicating him to be a sexual predator.
On December 29, 1998, pursuant to a recommendation of the correctional institution, the defendant's sexual predator determination hearing was held in the trial court. At the hearing, the trial court overruled defense counsel's motion for the appointment of an expert and counsel's request for discovery. The evidence presented at the hearing included the defendant's stipulated conviction of rape and testimony from the prosecutor. After conducting the hearing and considering the relevant factors, the trial court determined by clear and convincing evidence that defendant is a sexual predator.
Defendant now appeals, raising two assignments of error. For his first assignment of error, defendant asserts:
 The trial [court] erred in making the determination that defendant is a sexual predator for the reason that no evidence was introduced to prove by clear and convincing evidence that defendant is likely to engage in the future in one or more sexually oriented offenses.
Defendant contends the trial court erred in determining that he is a sexual predator because there was no evidence presented that proves by clear and convincing evidence that he is likely to engage in sexually oriented offenses in the future.
As defined in R.C. 2950.01(E), a "sexual predator" is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In those cases where the Department of Rehabilitation and Corrections recommends to the trial court that an offender convicted of a sexually oriented offense be adjudicated a sexual predator, the trial court may not designate the offender as a sexual predator without holding a hearing on the matter. R.C. 2950.09(C)(2).
In making its determination of whether the offender is a sexual predator, the court must consider all relevant factors, including, but not limited to, all of the factors specified in R.C. 2950.09(B)(2). Id. The statutory criteria in R.C.2950.09(B)(2)(a) through (j) include: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and any additional behavioral characteristics that contribute to the offender's conduct.
The standard for determining whether the offender is a sexual predator is by clear and convincing evidence. R.C. 2950.09(C)(2). The trial court is not required to list the criteria, but only to "consider all relevant factors, including" the criteria in R.C.2950.09(B)(2) in making its findings. State v. Cook (1998),83 Ohio St.3d 404, 426. Further, the Ohio General Assembly has expressly declared that "[s]exual predators * * * pose a high risk of engaging in further offenses even after being released from imprisonment, a prison term, or other confinement and that protection of members of the public from sexual predators * * * is a paramount governmental interest." R.C. 2950.02(A)(2).
In a case factually similar to this case, the Tenth District Court of Appeals upheld a trial court's determination that the defendant was a sexual predator. State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. In Daniels, the only facts the trial court relied upon were the age of the victim (four years old) and the fact that the defendant had failed to complete the course of sex-offender counseling. The appellate court reasoned as follows:
 As noted by the trial court, the likelihood of recidivism is at the heart of Am.H.B. 180's registration requirements, and underlies the over-arching goal of protection of the public from sexual offenders which the statute seeks to achieve. Related to the court's determination of the likelihood of a defendant committing future sexual offenses, the legislature specifically included the age of the victim of the sexually oriented offense for which defendant was convicted. R.C. 2950.09(B)(2)(c). The legislature thus acknowledged, as have a multitude of courts, the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. See, e.g., Kansas v. Hendricks (1997), 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable. Furthermore, an additional circumstance exists in the present case, due to defendant's failure to complete his STEP sex offender counseling. No credible reason for this failure was advanced by defendant, nor can we disagree with the trial court's determination that failure to complete such counseling evidences a serious lack of commitment by defendant to avoidance of future offenses.
In the present case, the evidence in the record included the defendant's stipulated conviction of rape involving his stepdaughter. After defense counsel objected to additional evidence and the court overruled counsel's objection, the prosecutor proceeded to state that the stepdaughter was six- or seven-years-old at the time of the offense. Defendant was thirty-one years old at the time; his current age is about thirty-five. In addition, the prosecutor brought to the trial court's attention that defendant had not completed any type of counseling or classes dealing with sex offenders while in prison.
In light of the foregoing authority and after reviewing the record in this case, we are persuaded that the trial court had sufficient evidence before it to support its determination that defendant is a sexual predator. Defendant's first assignment of error is overruled.
For his second assignment of error, defendant asserts:
 The trial court erred in not granting appellant's motion for appointment of an expert.
Defendant claims that his constitutional rights of due process, equal protection and effective assistance of counsel required the appointment of an expert to rebut the State's evidence on whether he is a sexual predator.
R.C. 2950.09(B)(1) provides, inter alia, that "[a]t the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." The Eighth District Court of Appeals recently determined that this statute does not mandate the appointment of an expert for an indigent defendant, but instead abuse of discretion is the proper standard for review. See State v. Hurayt (Apr. 29, 1999), Cuyahoga App. No. 73156, unreported; State v. Russell (Apr. 22, 1999), Cuyahoga App. No. 72796, unreported. Hurayt relied on Cook, supra, wherein the Ohio Supreme Court stated that a sexual predator hearing is similar to a sentencing hearing. Pursuant to State v. Esparza (1988), 39 Ohio St.3d 8, syllabus, the trial court is directed that:
 * * * expert services must be provided to an indigent defendant only if the court determines within its sound discretion, that such services "are reasonably necessary for the proper representation of a defendant" at the sentencing hearing, pursuant to R.C. 2929.024.
In Russell, at *5, it was reasoned that the requirement of experts under R.C. 2950.09(B) is similar to the requirement of experts in non-capital cases. Accordingly, an indigent seeking appointment of an expert witness from the court "must show more than a mere possibility of assistance from an expert." Id. citing State v. Broom (1988), 40 Ohio St.3d 277, 283. The Broom court has stated the following factors to be considered:
 (1) the value of the expert assistance to the defendant's proper representation at either the guilt or sentencing phase of an aggravated murder trial; and (2) the availability of alternative devices that would fulfill the same functions as the expert assistance sought.
In the instant case, defendant filed his motion for the appointment of a psychiatrist or psychologist "to assist the defense as an expert." He argued that if the State's response is to introduce expert testimony, then due process and effective assistance of counsel require the "assistance of defense expert witnesses." We note that neither the motion nor the transcript of the hearing provide any indication of the factual basis or issues on which such an expert could help the defense. For example, the assertions that an expert is necessary to demonstrate the defendant's proclivity to reoffend in the future or defendant's remorse. We also note that this motion seems to indicate that an expert was necessary only if the State planned to introduce any expert testimony. At defendant's sexual predator determination hearing, the State called no expert witnesses. Thus, pursuant to the foregoing authority and based upon the record, we conclude that the trial court did not abuse its discretion in this case. Defendant's second assignment of error is overruled.
Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.